DAVID A. BUNKER vs. CHARLES B. PINEO.

Hancock.    Opinion December 20, 1893.

*Lease.   Covenant.   Way.*

A covenant in a lease of land, "to provide the said lessee with a suitable right
   of way to get to and from said lot," is not a covenant of warranty, or guar-
   anty; and it is not performed by showing that a right of way by necessity
   already existed.   It is a covenant to do something, and is broken by the
   covenantor's inaction.

ON MOTION AND EXCEPTIONS.

This was an action for the breach of a covenant in a lease
made by the defendant to the plaintiff, and in which the jury
returned a verdict of $477.63 for the plaintiff.

*Deasy and Higgins*, for plaintiff.
*J. A. Peters, Jr.*, for defendant.

SITTING : WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE,
JJ.

EMERY, J.    The defendant in writing leased to the plaintiff
a small lot of land in the village of Bar Harbor, bounded on the
north side by the sea, and on each of the other three sides by
lands of other parties.    The only right of way, if any, between
the leased lot and any street, was a right by necessity over the land
of other parties, to West street, the nearest street.    The
defendant accordingly covenanted under seal in the lease, in the
following words : " And the said lessor hereby agrees to provide
the said lessee with a suitable right of way to get to and from
said lot."

Soon after the execution and delivery of the lease, and the
entry of the plaintiff on the leased lot, the owners of the
surrounding and adjoining lands objected to any passing over
their lands to or from the leased lot.    The plaintiff thereupon
called upon the defendant to provide a suitable right of way.
The defendant not making any move in the matter, the plaintiff
purchased or leased a right of way between the lot and West

street. This action is for the breach of the covenant to provide a right of way.

At the trial, there was much contention whether there was a right of way by necessity appurtenant to the leased lot, and if so, where it was. The presiding justice at the request of the plaintiff admitted evidence tending to show that no such right existed, or if it did, that it was unsuitable for the lot. He also at the request of the plaintiff, instructed the jury that if the right of way by necessity existed, it was not in the place claimed by the defendant. The verdict being for the plaintiff, the defendant excepted to the above rulings.

We think the questions raised by the defendant are not relevant to the real issue. The defendant evidently claims that the covenant is one of warranty,— that by it, the defendant simply guaranteed that a suitable right of way already existed,— that if a suitable right of way by necessity can now be shown to have then existed, the covenant is satisfied. We think the covenant, read in the light of the circumstances, contemplated more than a guaranty to be resorted to only when the plaintiff had been defeated in litigation with the adjoining owners. The situation of the lot was fully known to the parties. Its enclosure by the sea and the lands of others was plainly visible. All the facts were understood. Whether there was a right of way by necessity under those facts, was a question of law, which the parties are presumed to have known and considered. If they agreed that a suitable right of way of that kind already existed, there would be no occasion for any covenant in relation to it. If the defendant asserted such a right to exist, and the plaintiff doubted it, there would have been occasion for covenant of warranty. If they agreed that no suitable right of way already existed, there would have been occasion for a covenant to provide such a right of way.

It is evident from the circumstances and the language of the covenant, that the plaintiff was not content with any existing right of way, nor with the defendant's assertion of the existence of such a right of way,— that he wanted something more than a warranty, — that he wanted a suitable right of way provided,

prepared, created, or at least established. It is equally clear from the same sources, that the defendant undertook to do more than merely warrant existing rights of way,— that he conceded the propriety of the plaintiff's demands, and undertook to satisfy them, and assumed the burden of doing what the plaintiff wanted done. He could have performed his covenant by purchasing such a right of way, — by procuring it to be laid out by the proper authority, or perhaps by causing it to be established as an existing way by judicial decision. He could not perform it, however, by doing nothing, by leaving his lessee and covenantee to assume all the vexation and expense of contention and litigation with adjoining owners. To induce the plaintiff to accept the lease, the defendant conceded that no suitable right of way yet existed, and covenanted to provide one. The lease having been accepted with that covenant, the defendant cannot now be heard to assert that such a right of way already existed in fulfillment of his covenant, at least until he can show an adjudication of the court to that effect. What he then agreed did not exist, he cannot now say did exist.

The plaintiff was not obliged to litigate the question of right of way by necessity. He relied upon the defendant's covenant to provide a suitable right of way. We think the defendant's covenant was broken by his inaction irrespective of any possible right of way by necessity, and hence that he was not prejudiced by any of the rulings excepted to.

There was evidence that to acquire a suitable right of way cost the plaintiff nearly as much as he recovered by the verdict. The defendant though appealed to did nothing to aid the plaintiff. We are not clearly convinced that the damages assessed are excessive.

*Exceptions and motion overruled.*